Clarence J. **LAMBERT**

v.

**FORD MOTOR COMPANY,**
a corporation.

No. 12029.

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 20, 1969.

Northcutt, Edwards & Doss, Atlanta, Ga., for plaintiff.

Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

## ORDER ON PLAINTIFF'S MOTION TO ADD A PARTY-PLAINTIFF, AND PLAINTIFF'S MOTION TO STRIKE

EDENFIELD, District Judge.

This is a diversity action for wrongful death and damages resulting from an automobile accident in which plaintiff received multiple injuries and plaintiff's wife was killed. Plaintiff alleges Ford Motor Company's defective manufacture of a brake mechanism, breach of express and implied warranties, and failure to inspect the mechanism.

Now pending before the court are two motions. First, plaintiff moves to add as party-plaintiff to the wrongful death action one Eugene Lambert, the son of plaintiff and the deceased. Defendant does not oppose the motion and it will be granted.

Plaintiff also moves to strike two defenses pursuant to Rule 12(f), Fed.R. Civ.P., one each to the two counts— wrongful death and injuries to plaintiff.

The wrongful death defense (Count I, Ninth Defense, No. 24) denies liability on the ground that the sole cause of the accident and death was the intoxicated condition of the deceased, the driver of the car. The personal injuries defense

(Count II, Seventh Defense, No. 35) denies liability upon the same ground. Plaintiff urges that these defenses are "immaterial, impertinent and scandalous".

 Motions to strike pleadings on that ground are not favored. See 2A Moore, Federal Practice, ¶ 12.21[2], n. 27, and cases cited therein. Such a motion will not be granted unless it is plain that the pleadings in issue can have no possible bearing on the subject matter of the suit. Augustus v. Board of Public Instruction, 306 F.2d 862 (5th Cir., 1962). That being true, plaintiff must show the court that intoxication of the deceased could have no possible bearing upon the issue of the cause of the accident, in order to sustain his motion. He has not done so.

Plaintiff urges that the failure of brakes is a case of strict liability, in which contributory negligence cannot be a defense. The subject matter of this action is not the failure of the automobile's brakes alone, but the cause of the accident. It cannot be said at this stage of the pleading that even if defendant's negligence caused a brake failure, and that the deceased was killed with that as a factor, that the deceased's intoxication could under no circumstances deny recovery. Such a contention could only be viable upon a fully developed and uncontestable factual showing, excluding any possible fault of the deceased. In fact, it would need to be such as would support a motion for summary judgment or a directed verdict. Stated conversely, it is possible for the deceased to have conducted herself in such a manner, by reason of her intoxication, to have contributed sufficiently to the cause of the accident so as to deny recovery under Georgia's standard of comparative negligence. See Georgia Code Ann. § 105–603.

Plaintiff also urges that intoxication does not of itself constitute contributory negligence. So it does not.

But, as stated supra, plaintiff may not prevail in his motion to strike unless he can show that intoxication *cannot* so deny recovery. Not having done so, his motion must fail and the defensive pleadings stand.

Accordingly, plaintiff's motion to add a party-plaintiff is granted, and plaintiff's motion to strike is denied.